Adriana **MENDOZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–403–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1992.

---

698

Larry Warner, Harlingen, for appellant.

Luis V. Saenz, Dist. Atty., John A. Olson, Asst. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of murder and assessed her punishment at forty-five years in prison. In ten points of error, appellant complains about the admission of hearsay evidence, the sufficiency of the evidence, the prosecutor's opening statement, his closing argument at the guilt phase, and his closing argument at the punishment phase. We will sustain two of appellant's complaints regarding the prosecutor's argument at the punishment phase of trial and will reverse and remand for a new punishment hearing.

We will first address appellant's sufficiency challenge which is raised by point seven. Appellant claims that the State failed to prove that appellant's conduct caused the victim's death because the evidence showed a concurrent cause sufficient to cause death. Dr. Marguerite DeWitt, a pathologist, testified that she performed an autopsy on the deceased. DeWitt stated that she found blood coming from a stab wound to the victim's left upper chest. She further testified that the wound damaged two large vessels in the body. When asked whether the deceased would have survived if he had received treatment within fifteen to twenty minutes, DeWitt related that his chances would probably have been pretty good if he had been timely treated by a competent vascular surgeon. Appellant now contends that the deceased's failure to receive immediate medical treatment, perhaps due to his own intoxication, renders the evidence insufficient to sustain the conviction. We disagree.

Under Tex.Penal Code Ann. § 6.04 (Vernon 1974), a person is criminally liable if his conduct, regardless of a concurrent cause, caused the harm or if his conduct, together with another cause, caused the harm. *Robbins v. State,* 717 S.W.2d 348, 351 (Tex.Crim.App.1986). Only when the person's conduct, by itself, is clearly insufficient to cause the harm may he not be convicted. *Id.* When the evidence shows a causal connection between the conduct of the defendant and the death of the deceased, no issue concerning causation arises. *Daniel v. State,* 577 S.W.2d 231, 235–236 (Tex.Crim.App.1979). The evidence in this case shows a causal connection between appellant's conduct (stabbing victim in chest and cutting arteries) and the victim's death. The evidence is sufficient to support the verdict. Appellant's seventh point is overruled.

We next address appellant's eighth point of error in which she complains that the prosecutor introduced evidence of an extraneous offense through a question. During cross-examination, the prosecutor asked appellant if the deceased had told her about another stab wound he had received a couple of months before his death. Appellant answered that her family told her he had been fighting in a bar with someone that owed him money. The prosecutor then asked if she knew anything about the stab wound. Appellant replied she did not. The prosecutor then stated he had nothing further. Appellant did not raise any objection. Appellant now contends that the prosecutor intimated to the jury that appellant was responsible for the first stab wound. We disagree. The prosecutor's question simply does not assert or imply that appellant was responsible for the first wound. Point eight is overruled.

We next turn to appellant's complaints regarding statements the prosecutor made during the guilt-innocence phase of trial. Although we will address her points separately, we point out initially that appellant did not object to any of the complained-of statements at trial. The failure to object generally waives error, but an exception exists to the waiver rule when a prosecutor's statement is so egregious that an instruction to disregard could not possibly cure the error. *Willis v. State,* 785 S.W.2d 378, 385 (Tex.Crim.App.1989); *Harris v. State,* 784 S.W.2d 5, 12 (Tex.Crim. App.1989). Because appellant did not object, we apply this more stringent standard to all of her complaints to determine whether reversible error occurred.

In points one and nine, appellant complains that the prosecutor, in a single argument, impermissibly commented on her

post-arrest silence and conveyed to the jury that he had investigated the case and that the jury should accept his personal opinion of appellant's guilt.

The facts of this case show that appellant stabbed a friend of hers. At the time of the incident, the police were called, and appellant soon thereafter admitted to stabbing the victim and gave a written statement. In the statement, appellant said nothing about self-defense. At trial, appellant testified in her own behalf. She testified that her friend had been hitting her and had tried to sexually assault her. She testified that she was afraid and stabbed him to protect herself. Under cross-examination, appellant stated that the police either had not included these defensive details in her statement or that she had forgotten to tell them these details. In argument, the prosecutor noted the conflict between her testimony and prior statement, and said:

> The only thing she is saying is it's self-defense, but I'm here to tell you it's not self-defense because *she didn't tell us it was self-defense when she had the opportunity to.*
>
> She's been sitting in jail since April 6th. Don't you know what she's been thinking about, "Well, what am I going to tell the jury? I already told them one story and that's not going to fly. I mean I didn't tell them enough. I'm going to have to think of something now that will help me. Oh, self-defense, that's right. Self-defense. I will tell them that he was going to attack, that he was *touching my breasts.*"
>
> She would not have forgotten to tell them that.

We disagree with appellant that the prosecutor improperly commented on appellant's post-arrest silence or implied that he had investigated the case. A defendant who takes the stand as a witness may be impeached in the same manner as any other witness. *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex.Crim.App.1985). Appellant's trial testimony conflicted with her prior statement. The prosecutor was authorized to use this conflict for impeachment and in

argument. The prosecutor was not referring to appellant's post-arrest silence but to her conflicting stories. The argument was proper.

Appellant also complains that the prosecutor implied that he investigated the case when he stated that appellant "didn't tell *us* it was self-defense when she had the opportunity." Appellant reads "us" to refer to the prosecutor and the police. We believe that "us," as used in the context of the prosecutor's argument, more logically refers to the prosecutor and the jury. As such, the argument was proper. Moreover, any ambiguity in the term could have been clarified when the argument was made had appellant timely objected and requested an instruction. Accordingly, point nine is overruled.

In point two, appellant complains of the following remarks:

> She's going to go back to jail and the people there are going to ask, "What happened to you?" "Well, I was found not guilty." "Oh, self-defense. All right. Let's use that." It happens. **I see it happen every day.** That's what you are going to contribute to if you let that happen.

Appellant complains that the prosecutor, by stating that he sees what happens every day, was testifying about facts not in the record. We agree that this argument was outside the record and therefore improper. Nonetheless, this argument could have been cured by an instruction to disregard. Point two is overruled.

By point three, appellant complains that the prosecutor in his opening statement encouraged the jury to speculate on the testimony of a phantom witness. The prosecutor stated:

> I was going to have seven witnesses for you. Since that time, one of the witnesses, a lady, had to have a Caesarean section a couple of days ago and because of doctor's orders she will not be able to attend. So I'm down to six witnesses.

Shortly thereafter, the prosecutor told the jury that they would hear from

Detective Al Gutierrez. The prosecutor then stated:

He will briefly describe the scene to you, who he talked to, and describe the demeanor of the defendant and the other lady that was there at that time, the one that will not be able to attend today. Her name is Silvia Gonzalez.

Appellant asserts that the prosecutor asked the jury to speculate on the absent witness' testimony. We disagree. The prosecutor was merely using his opening statement to tell the jurors what witnesses to expect. He casually mentioned that one of his expected witnesses would not be present because of medical reasons. That witness was one of the persons at the scene of the crime at the time of the stabbing. Generally, the State may introduce evidence to account for an absent witness to escape any adverse inference from its failure to produce the witness. *See Green v. State,* 167 Tex.Crim. 272, 320 S.W.2d 818, 822 (App.1959). As the State could have produced evidence to show the witness was absent due to her medical condition, we cannot find that the statement was so improper that it constituted "fundamental error." Any impropriety in bringing this fact to the jury's attention in this manner, rather than by evidence, could have been cured by a timely objection. Nothing in the prosecutor's statement invites the jury to speculate on what her testimony would have been. Point three is overruled.

■■■ In point ten, appellant complains that the prosecutor gave his personal opinion on the issue of whether the deceased was attacking the appellant at the time of the stabbing. Appellant complains of the following arguments:

If the victim would have been, you know, coming at her, trying to touch her and trying to grab her, then you are trying to keep him away like this. You would have had different wounds on the hands here going this way. You wouldn't have them like this. She would have to be like this.

He would do anything for her. In fact, that's why he was upset because she would not pay attention to him. He would let her use the car, give her money, and do anything for her. Do you think he would hurt her that bad? Do you think he would do what she is accusing him of doing? I don't think so.

The prosecutor may argue his opinions concerning issues in a case so long as the opinions are based on the evidence in the record. *Barnard v. State,* 730 S.W.2d 703, 718 (Tex.Crim.App.1987). The prosecutor's argument was based on the evidence and inferences that could be drawn from the evidence. The argument was proper. Point ten is overruled.

Points four, five, and six complain about statements the prosecutor made at the punishment phase of trial. In point four, appellant complains of the following remarks:

Not in this case, Ladies and Gentlemen. I mean this is a murder case. It cannot be a probation case.

Is it a life case? You heard the judge tell you it's from five to 99 or life. Is it a life case? That's your decision. That's why you are here because it's a difficult case. It is going to be a difficult decision as it should be.

The Court and defense counsel and myself are able to work out the easy cases. The defendant pleads guilty in another offense and we reduce the charges and dismiss. These are the difficult cases.

■■■ Appellant contends that the prosecutor effectively told the jury that the trial court would not give appellant probation and that was why appellant had to ask the jury for probation. Although much of the prosecutor's argument is outside the record, we cannot accept appellant's interpretation of the argument. The argument simply does not convey the trial court's attitude about punishment. Point four is overruled.

■■■ By points five and six, appellant complains about the prosecutor's comments regarding parole. The prosecutor stated:

As to how much time, that's up to you. But I think in no situation should it be less than 45 years because she's not going to serve 45 years. Look at the

**702**

charge. It tells you she's not going to serve 45 calendar years. It's going to be reduced.

You know what they have now in Huntsville is a revolving door. I mean by the time you all get home some will have already been let out that were sentenced yesterday. So keep that in mind. No probation for sure. Whatever you want to do, but in no case less than 45.

Appellant correctly argues that these arguments were improper. In the first paragraph, the prosecutor asked the jury to consider parole and incorrectly stated, "It's going to be reduced." In the second paragraph, the prosecutor improperly again asked the jury to consider parole with his reference to Huntsville's revolving door and went beyond reality in stating that persons sentenced yesterday are out of Huntsville today.

The question is whether the impact of these statements could have been cured by an instruction to disregard. In assessing the improper argument, we are required to look at the record as a whole. *Willis*, 785 S.W.2d at 385. The prosecutor sought a forty-five years sentence based on his stated premise that, "she's not going to serve 45 years." The prosecutor repeated this statement two more times. He incorrectly told the jury that the charge "tells you she's not going to serve 45 calendar years." Then he assured the jury, "It's going to be reduced." The prosecutor repeatedly implored the jury to consider the application of the parole laws in assessing punishment. The jury accepted the State's invitation and assessed punishment at forty-five years, presumably based on the prosecutor's assurances that appellant would not serve forty-five years.

■ The prosecutor's punishment argument consumes only four pages in the statement of facts. The prosecutor's only stated justification for the forty-five-year sentence was that appellant would not serve forty-five years. We find that the prosecutor's plea to the jury to consider the parole laws and to assess a lengthy sentence because, "It's going to be reduced," was so egregious that an instruction would not have cured the error. *See Gamboa v. State*, 822 S.W.2d 328, 333 (Tex.App.— Beaumont 1992, pet. ref'd). Points five and six are sustained.

Accordingly, the judgment of the trial court is reversed due to error at the punishment phase of trial, and the cause is remanded to the trial court for a new punishment hearing. *See* Tex.Code Crim.Proc. Ann. art. 44.29(b) (Vernon Supp.1992).