NO. 07-02-0430-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 29, 2003

______________________________

IN THE MATTER OF THE MARRIAGE OF JOEY DEWAYNE MCROREY, JR.

LYN ADELLE MCROREY AND IN THE INTEREST OF 

A.S.M., S.A.M. AND K.R.M, CHILDREN

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2002-516,498; HONORABLE RUSTY LADD, JUDGE

_______________________________

Before JOHNSON, C.J., REAVIS, J. and BOYD, S.J.
(footnote: 1)
MEMORANDUM OPINION

On August 8, 2002, the judge of the County Court at Law Number 1 of Lubbock County signed a judgment in cause number 2002-516,498.  By restricted appeal, 
see
 
Tex. R. App. P.
 30, appellant Lyn Adelle McRorey appeals from such judgment.  

Pursuant to motion of appellant, agreed to by counsel for appellee Joey Dewayne McRorey, the judgment of the trial court is reversed and this cause is remanded for further proceedings.  
See
 
Tex. R. App. P.
 43.2.  

Per Curiaméé!íê
Memorandum Opinion

______________________________

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Appellant Travis Nealy appeals his conviction for aggravated assault with a deadly weapon after entering an open plea of guilty.  His sole issue involves the sufficiency of the evidence to support the conviction.   We overrule the issue and affirm the judgment of the trial court.

Appellant was charged with “intentionally, knowingly, and recklessly caus[ing] bodily injury to Sherry Thomas, by driving and operating [a] motor vehicle and causing said motor vehicle to collide with a motor vehicle operated by the said Sherry Thomas . . . .”  Furthermore, he contends that the State failed to prove he drove recklessly since he did not remember driving, he was intoxicated, and his conduct only resulted in Thomas suffering minor injuries. According to the record evidence, the vehicles collided after appellant ran a red light at the same time Thomas attempted to drive through the intersection.  This was not his first collision that morning, however.  Minutes before striking Thomas, he had not only used his van to push a vehicle stopped at a red light but also side-swiped another car.  So too had he struck barrels, cones, and curbs appearing on or adjacent to the roadway during the same excursion.  Moreover, appellant did not stop after any of these prior incidents but continued on.  Indeed, his progress was halted only after colliding with Thomas because his vehicle was rendered inoperable.  He also conceded that although he had no recollection of driving that night, his conduct put others at risk.  Because voluntary intoxication is not a defense to the commission of a crime, 
Tex. Pen. Code Ann. 
§8.04(a) (Vernon 2003); 
Reyna v. State, 
11 S.W.3d 401, 402 (Tex. App.–Houston [1
st
 Dist.] 2000, pet. ref’d, untimely filed), 
the foregoing evidence was and is sufficient to allow a rational jury to conclude beyond reasonable doubt that appellant drove or otherwise operated his vehicle recklessly.
(footnote: 1)  
See 
Tex. Pen. Code Ann. 
 § 6.03(c) (Vernon 2003) (stating that a
 person acts recklessly with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur); 
Blott v. State, 
588 S.W.2d 588, 592 (Tex. Crim. App. 1979) (holding that the jury could have inferred from the fact that the defendant drove erratically on the wrong side of the road  for a number of miles in broad daylight without any recollection that he was aware of the risk and chose to ignore it).    

Accordingly, the judgment is affirmed.

Brian Quinn 

          Chief Justice

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  

1: