Opinion issued June 10, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00143-CR




MAJOR DEE LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 923450




MEMORANDUM OPINION

          A jury found appellant, Major Dee Lewis, guilty of aggravated robbery and
assessed punishment at 16 years confinement. In two issues on appeal, appellant
contends that the trial court erred (1) in admitting irrelevant testimony over 
objection, and (2) in failing to grant a mistrial after the State commented on his
failure to testify.
          We affirm.
Facts & Procedural History
          On September 6, 2002, appellant and another man approached Gina Gonzalez,
complainant, and Julia Ordaz as the two women were walking from Ms. Ordaz’s
apartment to complainant’s car. Appellant grabbed complainant around the neck, put
a gun to her head, and demanded money. The other man grabbed Ordaz by the hair
as she tried to flee, threw her to the ground, and held her down. Appellant took
complainant’s bracelet and ring, demanded her car keys, and asked complainant to
point out her car. Complainant acquiesced.
          As the two men began leading the women to complainant’s car, one of Ms.
Ordaz’s neighbors approached and intervened, causing appellant and his accomplice
to flee in different directions through the apartment complex. As the men fled, a car
pulled up to the scene and Ms. Ordaz’s neighbor briefly spoke with the driver before
getting in the car and pursuing appellant. Shortly thereafter, the neighbor and other
occupants of the car captured appellant on the street outside the main entrance to Ms.
Ordaz’s apartment complex.
 
          Just after appellant had been captured, Houston Police Officer John Garcia
arrived at the apartment complex. While at the scene, Officer Garcia recovered a
loaded gun and complainant’s jewelry from appellant’s pockets. Furthermore,
complainant positively identified appellant as the robber. However, Officer Garcia
did not speak with the neighbor or the car’s occupants who helped capture appellant,
as these parties left the scene just after the officer’s arrival.
Admissibility of Evidence
          In his first point of error, appellant contends that the trial court erred in
overruling his objections to certain portions of Officer Garcia’s trial testimony
because the testimony was irrelevant and prejudicial. Specifically, appellant
complains of the following exchange:
[State]:Would you say that there is a heavy population of
individuals who are not U.S. citizens or who may be
here on Green Cards, Hispanics that are not citizens?
 
[Officer Garcia]:Yes, ma’am.
 
[State]:What kinds of problems does that create in that
area?
 
[defense counsel]:Objection, Your Honor, to the relevance of that.
 
[trial court]:I will let him explain just briefly. Just briefly.
 
[State]:As far as in your investigations, what kinds of
problems result from that?
 
[Officer Garcia]:Usually when we go to a scene and come across
someone who doesn’t have legal residency, they are
scared to testify because they think they will either
get possibly in trouble with the law because they’re
not legal.
 
[State]:Do you have trouble getting them to cooperate with
your investigation?
 
[Officer Garcia]:Yes, ma’am.
 
[State]: Do they generally stick around to talk to the police?
 
[Officer Garcia]:No, ma’am.
 
[State]:Do you find that areas like that get targeted for
crime?
 
[defense counsel]:Again, I object to the relevance.
 
[trial court]:Overruled. I will let him testify briefly.
 
[Officer Garcia]:Can you repeat the question, ma’am?
 
[State]:Do you find that areas like that get targeted for
crime?
 
[Officer Garcia]:Yes, ma’am.
 
[State]:And why is that?
 
[Officer Garcia]:Because the lack of–their lack of willingness to
testify.
 
[State]:Is it generally known on the streets that they don’t
usually want to cooperate with the police and often
don’t report crime?
 
[defense counsel]:Your Honor, I’m going to object. This is basic self-serving as to why certain witnesses aren’t here to
testify.
 
[trial court]:Okay. I’m going to let him answer that, and then
you can move on.
 
[Officer Garcia]:Yes, ma’am.

          We review a trial court’s decision to admit or exclude evidence for an abuse
of discretion. Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). In
determining whether the trial court abused its discretion, we consider whether the
court acted without reference to guiding rules and principles–that is, whether the
court acted arbitrarily or unreasonably. Lyles v. State, 850 S.W.2d 497, 502 (Tex.
Crim. App. 1993). We must uphold the trial court’s ruling so long as it is “within the
zone of reasonable disagreement.” Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim.
App. 2002).
          Appellant complains that Officer Garcia’s testimony was introduced for the
sole purpose of explaining why a number of the State’s witnesses were not present
and thus was not relevant to the question of appellant’s guilt. Generally, however,
the State is allowed to introduce evidence to account for an absent witness in order
to escape any adverse inference from its failure to produce the witness. Mendoza v.
State, 840 S.W.2d 697, 701 (Tex. App.—Corpus Christi 1992, no pet.) (citing Green
v. State, 320 S.W.2d 818, 822 (Tex. Crim. App. 1959)). In the instant case, the jury
would no doubt have expected to hear testimony from Ms. Ordaz’s neighbor and the
car’s occupants. However, these witnesses were conspicuously missing from the trial. 
The State was entitled to account for their absence. Thus, we hold that the trial court
did not abuse its discretion in allowing Officer Garcia’s testimony on the basis of
relevancy.
          We overrule appellant’s first point of error.
Improper Jury Argument
          In his second point of error, appellant complains of the following argument by
the State:
[State]:Mr. Lewis wants you to put him on probation, but
he’s told you a little bit about himself; and Lord
knows what he hasn’t told you.
 
[defense counsel]:Objection, Your Honor, that’s a comment on the
defendant not testifying. We’d ask the jury be
instructed to disregard.
 
[trial court]:Ladies and gentlemen, you will disregard the last
remark by the assistant district attorney and not
consider it for any purposes.
 
[defense counsel]:Move for mistrial.
 
[trial court]:That will be denied.
 
Although appellant testified during the guilt innocence stage of his trial, he elected
not to testify at punishment. Appellant contends that the above argument by the State
was an improper comment on his failure to testify during the punishment proceedings.
          Neither the trial judge nor the prosecutor may comment on the defendant’s
failure to testify. Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). 
Such a comment violates the privilege against self-incrimination and the freedom
from being compelled to testify contained in the Fifth Amendment to the United
States Constitution and article I, section 10, of the Texas Constitution. Id. A
prosecutor’s comment on an accused’s failure to testify also violates Code of
Criminal Procedure, article 38.08. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon
1979); Palermo v. State, 992 S.W.2d 691, 694 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d). 
          To be violative, the comment, as viewed from the jury’s standpoint, must
clearly refer to the accused’s failure to testify. Bustamonte, 48 S.W.3d at 765. It is
not sufficient that the language might be construed as an implied or indirect allusion. 
Id. The test is whether the language used was manifestly intended or was of such a
character that the jury would necessarily and naturally take it as a comment on the
defendant’s failure to testify. Id.
          In the instant case, the prosecutor’s comment was not of such a character that
the jury would necessarily and naturally take it as a comment on appellant’s failure
to testify during the punishment phase of the trial. Indeed, it appears as if the
prosecutor was specifically referring to appellant’s testimony during the guilt-innocence stage of the trial. Nonetheless, had the comment been improper, such
impropriety may be cured by an instruction to disregard the comment. See Linder v.
State, 828 S.W.2d 290, 300 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). Only
offensive or flagrant error warrants reversal when there has been an instruction to
disregard. Wilkerson v. State, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994). The
trial court instructed the jury to disregard the prosecutor’s comment. Furthermore,
the comment, itself, was not so flagrant that the instruction to disregard was
ineffective. Thus, we hold that the trial court did not err in denying appellant’s
request for a mistrial.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).