NO. 07-05-0344-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 12, 2006

_____

TRAVIS NEALY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,476; HON. JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Appellant Travis Nealy appeals his conviction for aggravated assault with a deadly weapon after entering an open plea of guilty. His sole issue involves the sufficiency of the evidence to support the conviction. We overrule the issue and affirm the judgment of the trial court.

Appellant was charged with "intentionally, knowingly, and recklessly caus[ing] bodily injury to Sherry Thomas, by driving and operating [a] motor vehicle and causing said motor

vehicle to collide with a motor vehicle operated by the said Sherry Thomas . . . ."
Furthermore, he contends that the State failed to prove he drove recklessly since he did
not remember driving, he was intoxicated, and his conduct only resulted in Thomas
suffering minor injuries.    According to the record evidence, the vehicles collided after
appellant ran a red light at the same time Thomas attempted to drive through the
intersection. This was not his first collision that morning, however.  Minutes before striking
Thomas, he had not only used his van to push a vehicle stopped at a red light but also
side-swiped another car.  So too had he struck barrels, cones, and curbs appearing on or
adjacent to the roadway during the same excursion.  Moreover, appellant did not stop after
any of these prior incidents but continued on.  Indeed, his progress was halted only after
colliding with Thomas because his vehicle was rendered inoperable.  He also conceded
that although he had no recollection of driving that night, his conduct put others at risk.
Because voluntary intoxication is not a defense to the commission of a crime, TEX. PEN.
CODE ANN. §8.04(a) (Vernon 2003); *Reyna v. State,* 11 S.W.3d 401, 402 (Tex.
App.–Houston [1st Dist.] 2000, pet. ref'd, untimely filed), the foregoing evidence was and
is sufficient to allow a rational jury to conclude beyond reasonable doubt that appellant
drove or otherwise operated his vehicle recklessly.[1]  *See* TEX. PEN. CODE ANN. § 6.03(c)
(Vernon 2003) (stating that a person acts recklessly with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but consciously

---

[1]In so holding, we need not rely on the State's contention that appellant executed a judicial confession
sufficient, in and of itself,  to support the conviction.  The confession alluded to appeared in a document
entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession."  Furthermore, it
consisted of the following passage:  "I understand the foregoing allegations and I confess that they are true."
Yet, absent from the document is a description or definition of the "foregoing allegations."  Whether they were
the allegations in the indictment or some other is unknown.  Nor did the trial court clarify the matter before
accepting the plea and finding him guilty.

disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur); *Blott v. State,* 588 S.W.2d 588, 592 (Tex. Crim. App. 1979) (holding that the jury could have inferred from the fact that the defendant drove erratically on the wrong side of the road for a number of miles in broad daylight without any recollection that he was aware of the risk and chose to ignore it).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.