

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00299-CR

CHRISTOPHER STEPHEN BECK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,294-C, Honorable Ana Estevez, Presiding

May 5, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

A jury convicted appellant Christopher Stephen Beck of indecency with a child by exposure,[1] enhanced, and assessed punishment at seventy years' confinement in prison.[2] Appellant presents three issues, challenging first the sufficiency of the

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A)(West 2011).

[2] Under Penal Code section 12.42(d), if it is shown on the trial of a felony offense that the defendant was previously convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction becoming final, on conviction the defendant shall be punished by

evidence, and then, through his second and third issues, the effectiveness of his trial counsel's representation. Overruling appellant's sufficiency challenge and finding counsel's representation on the grounds asserted was not ineffective, we will affirm the trial court's judgment.

## Background

In June 2014, Ramon Avila occupied a house along with his former wife, Anna Avila, and her three daughters, K.S., then age eighteen, H.A., then fourteen, and R.A., then three.[3] H.A. and R.A. occupied the same bedroom but each had a twin bed.

Appellant, a co-worker of Ramon, attended an evening party at the Avila residence to celebrate Ramon's birthday. Ramon described it as "a drinking party and a cooking party."

During the evening appellant drank heavily and became intoxicated. About 11:00 that night, Anna put R.A., clothed, in the child's bed.

Later, after appellant made an improper remark to a female party guest and engaged in a shoving match with her husband, Ramon decided to have appellant "sleep it off." Unaware that R.A. was already in bed, Ramon assisted appellant to H.A. and R.A.'s bedroom. Anna testified Ramon carried appellant from the porch into the house.

_____

imprisonment for life, or for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

[3] For the sake of simplicity and clarity we will refer to Anna Avila and Ramon Avila only by their first names. For privacy, we will refer to Anna's three daughters only by their initials. TEX. R. APP. P. 2.

But appellant testified he believed Ramon was so intoxicated that "he was basically falling over himself."

Testimony differed concerning which of the twin beds appellant first occupied. Appellant testified Ramon placed him on the bed that was identified at trial as R.A.'s, but he was unaware of the child's presence. Ramon testified he put appellant in H.A.'s unoccupied bed.

Appellant was fully clothed when he lay on the bed. He testified he then stood and removed his blue jeans, but did not take off his boxers.

Later, H.A. told Anna that R.A. was crying in her bedroom. Anna went to check on her daughter and entered the bedroom without turning on the light. In R.A.'s bed she felt someone other than her daughter. Using her cellphone as a light, Anna saw appellant lying on R.A.'s bed with R.A. lying on top of him. Anna testified appellant wore no pants or underwear although she did not see his penis because of the way he was positioned. He looked at her and, she said, seemed alarmed.

Anna took R.A. from the bedroom and went to Ramon, screaming hysterically. The child was wrapped in a towel or blanket but wore no clothes. Ramon testified Anna told him appellant and R.A. were not clothed and appellant was on R.A.'s bed. Ramon entered the bedroom and saw appellant, unclothed, near the foot of R.A.'s bed. On cross-examination Ramon testified appellant was trying to pull up his "basketball shorts" and may have been wearing a T-shirt.

Appellant agreed on direct examination he was lying on R.A.'s bed when Ramon entered the bedroom. He said that when Ramon woke him, he began putting on his blue jeans.

According to Ramon, appellant had an erection when he entered the room. Appellant denied having an erection.

K.S. was awakened by Ramon and appellant, "falling into her room." She observed the unclothed posterior of one of the men and believed it was appellant, although she was not "a hundred percent sure." According to her testimony, that person "had pants on around his ankles, but he didn't have them up." K.S. shortly called law enforcement. A deputy sheriff who responded testified the caller reported "a male subject was laying in her three-year-old sister's bed naked." The deputy testified Anna told him she found appellant, unclothed, in bed with R.A. and the child was not wearing pants or underwear.

Analysis

Issue One-Sufficiency of the Evidence

By his first issue appellant argues the evidence was insufficient to prove he knew R.A. was present at the time.

We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). That standard requires that we view all evidence in the light most favorable to the verdict and

4

determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). As fact finder, the jury is the sole judge of the credibility of the witnesses and may choose to believe all, some, or none of the testimony the parties presented. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Williams v. State,* 290 S.W.3d 407, 412 (Tex. App.—Amarillo 2009, no pet.).

A person commits the offense of indecency with a child by exposure if "with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes . . . any part of the person's genitals, knowing the child is present." TEX. PENAL CODE ANN. § 21.11(a)(2)(A).

We begin by noting that appellant's evidentiary insufficiency argument on appeal focuses only on the evidence he acted with knowledge R.A. was present. He does not argue the jury was irrational to conclude he exposed his genitals to R.A., or that he did so with the intent to arouse or gratify his sexual desire.

Despite appellant's denial of some facts, the State presented evidence that appellant left the bed he occupied and moved to R.A.'s bed, where he was discovered, unclothed from the waist down, with three-year-old R.A., also unclothed from the waist down, lying on top. On that evidence, a rational trier of fact readily could conclude appellant, beyond a reasonable doubt, knew the child was present, even in the dark. Appellant's first issue is overruled.

Issue Two: Ineffective Assistance of Counsel for
Failing to Move for Directed Verdict

By his second issue appellant asserts trial counsel rendered ineffective assistance by failing to move for a directed verdict because "the State failed to prove the essential element of knowledge of [R.A.'s] presence."

To establish a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellant first must prove counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. Second, the appellant must show counsel's deficient performance so prejudiced the defense "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694.

We review the denial of a motion for directed verdict under the sufficiency-of-evidence standard. *Martinez v. State,* No. 02-14-00423-CR, 2015 Tex. App. LEXIS 4452, at *3 (Tex. App.—Fort Worth Apr. 30, 2015, no pet.) (mem. op., not designated for publication) (citing *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003)).

We have found the evidence sufficiently established appellant's knowledge of R.A.'s presence. A motion for directed verdict would therefore have been overruled. Counsel's decision not to make such a motion was not erroneous. Accordingly, appellant's second issue is overruled.

Issue Three: Ineffective Assistance of Counsel for
Failing to Request Mitigation of Punishment
Instruction

Appellant next argues that his trial counsel was ineffective because he did not request a jury instruction on temporary insanity resulting from voluntary intoxication.

Under the Penal Code, voluntary intoxication does not constitute a defense to the commission of a crime, but evidence of temporary insanity caused by intoxication may be offered for mitigation of the punishment attached to the offense. TEX. PENAL CODE ANN. § 8.04(a), (b) (West 2011). "To be entitled to a jury instruction on temporary insanity caused by voluntary intoxication for the purpose of mitigation . . . a defendant must first establish that, as a result of his voluntary intoxication, he did not know that his conduct was wrong." *Beck v. State,* Nos. 12-12-00170-CR, 12-12-00171-CR, 2013 Tex. App. LEXIS 13160, at *10-11 (Tex. App.—Tyler Oct. 23, 2013, pet. refused) (mem. op., not designated for publication) (citing *Cordova v. State,* 733 S.W.2d 175, 190 (Tex. Crim. App. 1987)). Entitlement to a mitigation instruction under section 8.04(b) depends on whether the issue was raised by the evidence. *Johnson v. State,* 452 S.W.3d 398, 407 (Tex. App.—Amarillo 2014, pet. refused).

In support of his ineffective assistance claim, appellant points to the evidence of his intoxication and contends "that he does not remember committing the actions he was convicted of committing." We first note that the reporter's record reflects appellant's detailed testimony regarding the events of the night in question. Moreover, "it is well settled that lack of memory is not the same thing as intoxication; thus, evidence showing loss of memory is not sufficient to require an instruction on temporary insanity." *Reyna v. State,* 11 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2000,

7

pet. refused) (citing *Hart v. State,* 537 S.W.2d 21, 23-24 (Tex. Crim. App. 1976)).  As the court explained in *Reyna,* "[e]ven if appellant could not remember . . . that is no evidence that at the time of the [offense], he did not know his conduct was wrong."  11 S.W.3d at 403.

Appellant does not direct us to, nor do we find, in the record any evidence that appellant exposed his genitals while R.A. was present, not knowing the act was wrong, because of his intoxication.  Without such evidence the instruction was not warranted. *See Johnson,* 452 S.W.3d at 407 (finding no evidence tending to show defendant did not know his conduct was wrong when in support of his self-defense claim he testified to having a clear recollection of the occurrence and gave a detailed account of its events); *Beck,* 2013 Tex. App. LEXIS 13160, at *14-15 (holding trial court did not err in refusing to give temporary insanity instructions where defendant established intoxication but there was no evidence he did not know his conduct was wrong).

Because the temporary insanity instruction was not required by the evidence, trial counsel cannot be labeled ineffective for failing to make a baseless request.  Further, even if the record were construed to raise an issue of appellant's temporary insanity brought about by his voluntary intoxication, it provides us no means to understand trial counsel's reasons for failing to request the punishment stage instruction on the issue. On the record before us, we could not find the likelihood that a claim of temporary insanity would be so compelling to the jury that no competent attorney would have failed to raise it.  *See Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (record must affirmatively demonstrate ineffective assistance claim).  For that reason

also, the record will not permit us to agree with appellant's contention his counsel rendered ineffective assistance.

Appellant's third issue is overruled.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.