Kevin Jewell, Justice
A jury convicted appellant Alvaro Exau Lopez of murder and sentenced him to sixty years' confinement in the Texas Department of Criminal Justice, Institutional Division. In a single issue, appellant challenges his conviction on the ground that the trial court's failure to sua sponte provide the jury a punishment mitigation charge on voluntary intoxication caused him egregious harm. We disagree and affirm appellant's conviction.
Background
A grand jury indicted appellant for the murder of the decedent, Camelia Garza. At appellant's jury trial, the following facts were adduced.
On August 30, 2009, Garza hosted a party at her home to celebrate her birthday. Garza lived in Pasadena with appellant, whom she had been dating for about two months, and her nearly three-year-old daughter. Several of appellant's friends, including Douglas Sontay, were the last guests to leave the party between midnight and one a.m. Sontay testified that appellant had been drinking beer and liquor and "was drunk" at the party. An acquaintance of appellant, Dilson Juarez, also testified that appellant was drunk the night of Garza's party.
At around 5:00 a.m. on August 31, appellant called another friend, Selvin Gonzalez, to ask for a ride; appellant was at a truck stop about a half mile from Garza's home when he called Gonzalez. Appellant told Gonzalez that his pants were "full of blood," but he did not remember what he had done. Gonzalez testified that appellant's voice sounded "as though he was drunk." Gonzalez could not give appellant a ride because Gonzalez had to go to work. Appellant called Gonzalez back and insisted that Gonzalez give him a ride because appellant had bloodstains on his pants; this call was placed from a gas station in Deer Park. Gonzalez did not give appellant a ride.
A taxi driver was dispatched to pick up appellant at 7:49 a.m. on August 31 at a fast-food restaurant in the Deer Park/Pasadena area. The taxi driver drove appellant to the Broadway Apartments in South Houston. During the ride, appellant told the taxi driver that he had been in an argument with his girlfriend.
*502 Between 8:00 and 9:00 a.m., appellant knocked on Sontay's door at the Broadway Apartments. Appellant appeared nervous and asked for a change of clothes. Appellant told Sontay that he was leaving the country because he did not know what he had done. Appellant took some clothes and left the apartment. A few hours later, appellant called Sontay and said that he was taking a bus to Mexico and that he had thrown his clothes in a trash can at the bus station.
Meanwhile, Garza's mother, Maria, had been trying to reach Garza because Garza had not dropped off Garza's daughter for babysitting as Garza usually did. When Maria was unable to reach Garza, she and her husband went to Garza's home around 10:30 to 11:00 the morning of August 31. When they knocked on the door, they heard a noise and saw Garza's young daughter looking out from a window. Maria and her husband entered the home through the back door; when they walked into the kitchen, Maria saw blood everywhere. Maria and her husband found Garza's body in the living room, next to the front door. Maria and her husband took Garza's daughter and went outside to call for help.
Pasadena Police Department officers arrived in response to the call. Detective Jon Jernigan from the Persons Crime Division also responded to the call and led the investigation into Garza's death.[1] The crime scene was "extraordinarily bloody," like no other crime scene Jernigan had seen. Garza had been stabbed twenty-two times. Jernigan took appellant into custody on December 12, 2013, after appellant was extradited from Guatemala.
After hearing the evidence and argument of counsel, the jury found appellant guilty of murder. During the punishment phase of appellant's trial, appellant did not request and the trial court did not provide a punishment charge on temporary insanity due to voluntary intoxication. The jury sentenced appellant to sixty years' confinement, and the trial court signed a judgment accordingly. This appeal timely followed.
Analysis
In a single issue, appellant asserts that the trial court's failure to charge the jury at punishment on the mitigation issue of temporary insanity due to voluntary intoxication caused him egregious harm.
A. Standard of Review and Governing Law
Evaluating alleged jury charge errors involves a two-step process. We first determine whether the charge was erroneous. See Barrios v. State , 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). "[T]he judge shall, before the argument begins, deliver to the jury ... a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. art. 36.14. Thus, a trial judge is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." Delgado v. State , 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). The trial judge must instruct the jury on the law applicable to the case even if defense counsel fails to object to the charge. Taylor v. State , 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). But a trial judge has no duty to sua sponte instruct the jury on unrequested defensive issues because such defensive issues are not the "law applicable to the case."
*503 Vega v. State , 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) ; Posey v. State , 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).
Voluntary intoxication is not a defense to the commission of an offense. Tex. Penal Code § 8.04(a). However, a defendant is entitled to a mitigation instruction on intoxication in the punishment phase of a trial if there is evidence of temporary insanity caused by intoxication:
(b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.
(c) When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was caused by intoxication, the court shall charge the jury in accordance with the provisions of this section.
Tex. Penal Code § 8.04(b), (c) ; see also Martinez v. State , 17 S.W.3d 677, 691-92 & n.14 (Tex. Crim. App. 2000). Temporary insanity caused by voluntary intoxication is considered a defensive issue. See Williams v. State , 273 S.W.3d 200, 222 (Tex. Crim. App. 2008) (comparing capital murder mitigation special issue with "a number of punishment mitigating factors that are clearly defensive issues, including temporary insanity caused by intoxication " (emphasis added)); Logan v. State , No. 02-11-00409-CR, 2013 WL 3488259, at *2 (Tex. App.-Fort Worth July 11, 2013, no pet.) (mem. op., not designated for publication) (relying on Williams and concluding that temporary insanity due to voluntary intoxication is a defensive issue on which a trial court has no duty to sua sponte instruct the jury; no error in charge where defendant failed to request this instruction).
The second step of a charge error analysis involves consideration of harm. If the defendant did not object to the error, we will reverse only if the error was so egregious and created such harm that the defendant was deprived of "a fair and impartial trial." Barrios , 283 S.W.3d at 350 (internal quotation omitted). The egregious harm standard, however, does not apply to a trial court's failure to submit defensive instructions. Arana v. State , 1 S.W.3d 824, 827 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). Instead, a defendant must object or request a special instruction to secure appellate review of the omission of defensive instructions. Id. ; see also Green v. State , No. 14-16-00740-CR, 2018 WL 283879, at *2 (Tex. App.-Houston [14th Dist.] Jan. 4, 2018, no pet. h.) (mem. op., not designated for publication) ("Without an objection or request, any error in failing to submit a defensive instruction is waived.").
With this framework in mind, we turn to appellant's sole complaint.
B. Application
As noted above, when evaluating claimed jury charge error, we first consider whether error exists in the charge. See Barrios , 283 S.W.3d at 350. Here, appellant acknowledges that he neither objected to the charge nor requested an instruction based on temporary insanity due to voluntary intoxication. As noted above, temporary insanity due to voluntary intoxication is a defensive issue. See Logan , 2013 WL 3488259, at *2 ; see also Williams , 273 S.W.3d at 222. Without an objection or request, any error in failing to submit this defensive instruction is procedurally waived and cannot be raised as grounds for reversal on appeal. See Logan , 2013 WL 3488259, at *2 ; see also Vega , 394 S.W.3d at 519 ; Arana , 1 S.W.3d at 827 ; Green , 2018 WL 283879, at *3. Accordingly, appellant's failure to request this defensive instruction forecloses our review of this issue. See Logan , 2013 WL 3488259, at *2.
*504 Even so, appellant would not have been entitled to the instruction had he requested it. Such an instruction is not warranted unless a defendant shows that his intoxication prevented him from understanding that his conduct was wrong. See Ex parte Martinez , 195 S.W.3d 713, 722 (Tex. Crim. App. 2006). This showing requires more than mere evidence of intoxication or even gross intoxication. Arnold v. State , 742 S.W.2d 10, 14 (Tex. Crim. App. 1987). And "[i]t is well settled that lack of memory is not the same thing as intoxication; thus, evidence showing loss of memory is not sufficient to require an instruction on temporary insanity." Reyna v. State , 11 S.W.3d 401, 403 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (citing Hart v. State , 537 S.W.2d 21, 23-24 (Tex. Crim. App. 1976) ).
Here, the evidence shows that appellant had been drinking an unknown amount of alcohol at some point prior to the commission of the offense and that he "sounded drunk" the morning after the offense. This evidence of intoxication is insufficient to warrant a mitigating instruction on temporary insanity. See Arnold , 742 S.W.2d at 14 (no error in refusing to instruct jury on voluntary intoxication because evidence did not raise issue). And appellant's failure to recall what he had done is likewise no evidence of temporary insanity due to voluntary intoxication. See Reyna , 11 S.W.3d at 403 (trial court did not err in refusing requested instruction on voluntary intoxication because loss of memory is not evidence of temporary insanity due to voluntary intoxication); see also Howard v. State , 239 S.W.3d 359, 365 (Tex. App.-San Antonio 2007, pet. ref'd) (same). Thus, assuming for the sake of argument that the trial judge had a duty to sua sponte instruct the jury on voluntary intoxication, the court did not err in failing to include the instruction at issue because the evidence did not raise the issue of temporary insanity caused by voluntary intoxication.
* * *
For the foregoing reasons, we conclude that no error exists in the charge. Accordingly, we overrule appellant's sole issue.
Conclusion
Having overruled appellant's issue, we affirm the trial court's judgment.

According to Jernigan, the Persons Crime Division investigates crimes against people, including homicides.