

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00270-CR

---

RICKY ZANE JOHNSON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
### TRIAL COURT NO. CR16-00490

----------

## MEMORANDUM OPINION[1]

----------

Upon his guilty plea, a jury convicted appellant Ricky Zane Johnson of burglary of a habitation, a second-degree felony.[2]  After hearing punishment evidence, the jury assessed fifteen years' confinement.  In two points, he contends that the evidence is factually insufficient to support his sentence and

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.02(a), (c)(2) (West Supp. 2017).

that the trial court erred by refusing to instruct the jury that his intoxication while committing the burglary could mitigate his punishment. We affirm.

## Background

A grand jury indicted Johnson with burglary. In front of a jury, he pleaded guilty.[3] The jury heard evidence that he committed burglary of a home that was across the street from where he lived by breaking into a garage, opening the door of a truck, finding a wallet, and taking credit cards and cash. Johnson testified and conceded that he had prior convictions. He explained he had a drug problem and that when he committed the burglary, he was on Xanax. Although he claimed that he would not have committed the burglary without having taken Xanax, he admitted that he knew that committing burglary was wrong at the time he did so.

Before closing arguments on the issue of Johnson's punishment, his counsel asked the court to submit a punishment-mitigation instruction in the jury charge on "temporary insanity due to intoxication." The proposed instruction read,

> You are instructed that under our law neither intoxication nor temporary insanity of mind caused by intoxication shall constitute any defense to the commission of a crime. Evidence of temporary insanity caused by intoxication should be considered in mitigation of the penalty, if any, attached to the offense.

---

[3]A plea of guilty in front of a jury substitutes for a verdict of guilt, and the case proceeds to a unitary punishment hearing. *Fuller v. State*, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009).

2

By the term "intoxication" as used herein is meant disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

By the term "insanity" as used herein is meant that as a result of intoxication the defendant did not know that his conduct was wrong.

Now, if you find from the evidence that the defendant . . . was laboring under temporary insanity as defined in this charge, produced by voluntary intoxication, then you may take such temporary insanity into consideration in mitigation of the penalty which you attach to the crime, if you find him guilty.

The trial court denied Johnson's request for the inclusion of the instruction.

After receiving the parties' closing arguments, the jury assessed Johnson's punishment at fifteen years' confinement. The trial court sentenced him accordingly. He brought this appeal.

## Johnson's Sentencing Complaint

In his first point, Johnson argues that the evidence was "factually insufficient to sentence him to 15 years['] confinement in the penitentiary." He recognizes that the sentencing range for his offense was two to twenty years' confinement,[4] but he argues that his actions were "not those that would merit 15 years['] confinement," a sentence that he describes as "onerous."

The jury's decision of what punishment to impose within a statutory range is a normative process that is not intrinsically factbound; thus, we do not review a punishment decision for evidentiary sufficiency. *See Hayden v. State*, 296

---

[4]*See* Tex. Penal Code Ann. § 12.33(a) (West 2011).

3

S.W.3d 549, 552 (Tex. Crim. App. 2009); *Garcia v. State*, 316 S.W.2d 734, 735 (Tex. Crim. App. 1958); *Prado v. State*, No. 07-16-00273-CR, 2016 WL 7187462, at *3 (Tex. App.—Amarillo Dec. 8, 2016, no pet.) (mem. op., not designated for publication). To the extent that Johnson asks for an evidentiary sufficiency review, we decline to undertake one.

Broadly construing his brief, to the extent that Johnson intends to argue that his sentence was disproportionate and violated his Eighth Amendment right to be free from cruel and unusual punishment,[5] he did not present that argument in the trial court, and we therefore hold that he forfeited any such complaint. *See* Tex. R. App. P. 33.1(a)(1)(A); *Alkek v. State*, No. 02-17-00304-CR, 2018 WL 1528275, at *3 (Tex. App.—Fort Worth Mar. 29, 2018, no pet.) (mem. op., not designated for publication) ("We have held on numerous occasions that disproportionate-sentence claims must be preserved at the trial court level."); *Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases).

For these reasons, we overrule Johnson's first point.

---

[5]*See* U.S. Const. amend VIII; *Emanuel v. State*, No. 02-16-00376-CR, 2018 WL 2142769, at *5 (Tex. App.—Fort Worth May 10, 2018, pet. filed) (mem. op., not designated for publication) ("Proportionality of punishment is embodied in the Eighth Amendment's ban on cruel and unusual punishment and requires that the punishment fit the offense. Generally, punishment that is within the statutory range is not excessive, cruel, or unusual under the Eighth Amendment and will not be disturbed on appeal." (citation omitted)).

**Alleged Jury Charge Error**

In his second point, Johnson contends that the trial court erred by refusing his requested jury instruction on temporary insanity caused by intoxication. In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Section 8.04 of the penal code states that voluntary intoxication does not constitute a defense to a crime but that evidence of "temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense." Tex. Penal Code § 8.04(a)–(b) (West 2011). "Insanity" means that at the time of the conduct charged, the actor did not know that his conduct was wrong. *Id.* § 8.01(a) (West 2011).

Considering these provisions together, the court of criminal appeals has held that to be entitled to a mitigation instruction based on voluntary intoxication causing temporary insanity, the defendant must show that he was "unable to understand the wrongfulness of his conduct." *Ex parte Martinez*, 195 S.W.3d 713, 722 (Tex. Crim. App. 2006) ("All of [the] evidence establishes that [the defendant] was indeed aware of the wrongfulness of his conduct; thus, a mitigation instruction would not have been supported by the evidence."); *Lopez v. State*, 544 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (stating that a voluntary intoxication instruction "is not warranted unless a

defendant shows that his intoxication prevented him from understanding that his conduct was wrong").

Here, regarding his commission of burglary, Johnson testified, "I can't say that I didn't understand it was wrong, because that would be a lie. I did understand it was wrong. But before I knew it, I was just, I mean, I was kind of over there doing it." Under the authority cited above, we hold that because Johnson conceded that he knew while he was committing the burglary that doing so was wrong, the trial court did not err by denying his request for an instruction on involuntary intoxication causing temporary insanity. *See Martinez*, 195 S.W.3d at 722; *Lopez*, 544 S.W.3d at 504. We overrule his second point.

## Conclusion

Having overruled both of Johnson's points, we affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: WALKER, GABRIEL, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 26, 2018

6